Hon. Timothy S. Care Formal Opinion No. 98-F11 Chairman and Executive Director State Consumer Protection Board 5 Empire State Plaza, Suite 2101 Albany, N Y 12223-1556
Dear Chairman Carey:
Your counsel has asked whether the Consumer Protection Board ("CPB") or its employee representative on the Advisory Board of the newly created Targeted Accessibility Fund needs insurance protection from potential liability associated with any official actions the Advisory Board may take. Your counsel has advised us that the Public Service Commission recently ordered creation of the Targeted Accessibility Fund ("TAF") to finance certain universal telephone service programs such as Lifeline, E-911 and Telecommunications Relay Service for the hearing impaired. Commission Opinion No. 98-10.
The Public Service Commission ordered the TAF to be administered by the New York Intrastate Access Settlement Pool, subject to the Commission's oversight. A ten-member Advisory Board also will oversee TAF operations, in compliance with the Commission order and a Procedural Manual approved by the Commission. That Manual provides that the Advisory Board is to be comprised of telecommunications industry and consumer group representatives, including one representative from the CPB. Your counsel has advised us that you have designated a CPB employee to serve as the permanent representative on the Advisory Board. Counsel has asked whether insurance is required to shield the CPB and the designated employee from liability associated with any official actions the Advisory Board may take.
Section 17 of the Public Officers Law provides for defense and indemnification of State "employees." An "employee" is defined as "any person holding a position by election, appointment or employment in the service of the state. . . ." Public Officers Law § 17(1)(a). In our view, a CPB employee who serves as the CPB representative on the TAF Advisory Board is carrying out CPB job duties and therefore is an "employee . . . in the service of the state." Upon compliance by the employee with section 17's procedural requirements, the State is required to defend the employee or reimburse defense costs "in any civil action or proceeding in any state or federal court arising out of any alleged act or omission which occurred or is alleged in the complaint to have occurred while the employee was acting within the scope of his public employment or duties. . . ." Id., § 17(2)(a). A parallel provision provides for indemnification. Id., § 17(3)(a).
We reached a similar conclusion in a prior opinion, finding that section 17 covered employees of the State Department of Labor who served as members of private industry councils established under the provisions of the United States Job Training Partnership Act. Op Atty Gen No. 87-F10. In that opinion we noted that the governing statute required that councils include representatives of the public employment service. We also noted that the Department of Labor considered service on the councils to be part of the employees' job duties for the Department. The same rationale applies here. The Public Service Commission has provided in the Procedural Manual governing TAF operations that the TAF Advisory Board is to include a representative from the CPB. Service on the Advisory Board thus falls within the scope of duties of the CPB employee and, provided section 17 procedural requirements are met, he or she is entitled to the protections of section 17.
Thus, if the CPB's employee representative on the TAF Advisory Board is content to have the Office of the Attorney General ("OAG") provide his defense pursuant to Public Officers Law § 17, then he does not need insurance to pay for the cost of his defense. Provided he complies with the conditions of Public Officers Law § 17, he would be defended at State expense. In most cases, an appropriation of general funds is available to pay any judgment or settlement.
Counsel also has asked whether the CPB should acquire insurance to protect it from liability for actions of the Advisory Board. The CPB is part of State government. Executive Law § 550. Therefore, in virtually all cases, a suit for monetary damages against the CPB must be brought as a claim against the State in the New York State Court of Claims where the OAG defends the State and an appropriation of general funds is available to pay any judgment or settlement. The most common exceptions would be (a) a suit against the CPB in federal court (i) for injunctive relief with a monetary component or (ii) for monetary damages under a provision of law where Congress has validly abrogated the State's Eleventh Amendment immunity; or (b) the rare suit against the CPB in an out-of-state court.
Division of the Budget Bulletin B-1129 dated October 27, 1992 provides that payments for judgments or settlements not covered by either of the two above-described general appropriations (for liabilities against the State in the Court of Claims or for liabilities against State employees pursuant to Public Officers Law § 17) and some that are so covered, must be made from agency appropriations. Examples of payments to be made from agency appropriations include the following:
 Backpay awards in any court against the State or the CPB;
 Monetary awards in any court, other than the Court of Claims, against the State or the CPB; and
 Counsel fees and other litigation expenses awarded under the Equal Access to Justice Act (CPLR, Article 86) against the State, the CPB, or its officials acting in their official capacities.
Other examples are listed in the Bulletin.
It seems unlikely that the CPB or its employee representative on the TAF Advisory Board would be subjected to liability in any of those exceptional situations. To the extent that the CPB is concerned about liability in those exceptional situations, it could consider the possibility of insurance at reasonable cost.
We conclude that an employee of the Consumer Protection Board in serving as the representative on the Advisory Board to the Targeted Accessibility Fund is an employee in the service of the State who is covered by the provisions of Public Officers Law § 17. In virtually all cases, a suit against the Consumer Protection Board for monetary damages must be brought against the State in the New York State Court of Claims where the Office of the Attorney General defends the State and an appropriation is available to pay any judgment or settlement. In most cases, an appropriation of general funds is available to pay any judgment or settlement.
Very truly yours,
DENNIS C. VACCO
Attorney General